UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Salami,

                Plaintiff,        Case No. 23-cv-12213

v.                                  Judith E. Levy
                                       United States District Judge

Jpay Media LLC,
                                       Mag. Judge Kimberly G. Altman

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO WAIVE THE FILING FEE [2] AND DISMISSING HIS COMPLAINT <u>WITHOUT PREJUDICE [1]</u>**

Plaintiff Michael Salami—who is a state prisoner currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan—submitted a document to the Court titled "Civil Consumer Negligence Litigation Complaint." (ECF No. 1.) Salami also submitted a "Motion for Waiver of Filing Fee/Notice of Three Striker PLRA." (ECF No. 2.) In his motion, Salami requests permission to proceed *in forma pauperis*—that is, without prepaying the necessary fees and costs associated with filing a lawsuit. For the reasons set forth below, Salami's

motion is denied, and his complaint is dismissed without prejudice under 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, to account for a prisoner's limited means, the PLRA permits prisoners to pay the filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)–(2); *Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). To prevent prisoners from abusing this system, the PLRA does not allow a prisoner to commence a civil action *in forma pauperis* if on three or more previous occasions a federal court has dismissed an earlier complaint filed by the prisoner on grounds that the complaint was frivolous, malicious, or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). Under this three strikes rule, serial prisoner litigants may not proceed *in forma pauperis* absent an allegation that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his "Motion for Waiver of Filing Fee/Notice of Three Striker PLRA," Salami asks "to proceed without upfront filing fee due to [him] being incarcerated and indigent." (ECF No. 2, PageID.9.) In addition, he indicates that he "is a third striker" under the PLRA. (*Id.*) Given that Salami has three prior strikes,[1] the Court must dismiss his complaint unless it contains allegations that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Here, the complaint contains no allegation whatsoever that Salami is in imminent danger of physical injury—let alone serious physical injury. Salami's complaint alleges that Defendant JPay Media LLC "[i]ntentionally and knowingly sold him a defective JP6 Tablet and Intentionally ignored [his] (4) trouble ticket emails to JPay Customer Service in a Corrupt Ponzi-Like Scheme to allow the warranty to lapse

---

[1] The Court independently confirmed that Salami is subject to the three strikes rule. *See Salami v. Girard*, No. 19-cv-11918, 2019 WL 3343001, at *2 (E.D. Mich. July 25, 2019) (denying leave to proceed *in forma pauperis* and dismissing without prejudice under § 1915(g) a different complaint filed by Salami because "[t]hree of [his] previous complaints have been summarily dismissed for failure to state a claim" and the imminent danger exception was not satisfied (citing *Salami v. Winn, et al.*, No. 19-cv-11568 (E.D. Mich. May 31, 2019); *Salami v. Michigan State Police Forensic Science Laboratory, et al.*, No. 19-cv-10215 (E.D. Mich. Feb. 1, 2019); *Salami v. Michigan State Police Forensic Science Laboratory, et al.*, No. 18-cv-13282 (E.D. Mich. Feb. 5, 2019))).

3

and force [Salami] to ignorantly purchase a new working JP6 Tablet." (ECF No. 1, PageID.1.) Because Salami has three previous strikes and does not allege that he is in imminent danger of serious physical injury, Salami is prohibited from proceeding *in forma pauperis* under § 1915(g) in light of his litigation history.

Salami's arguments to the contrary lack merit. In his motion, he appears to believe that the three strikes rule applies to claims that "arise from a[n] offic[i]al within the [Michigan Department of Corrections] or a prison cons[ti]tutional claim." (ECF No. 2, PageID.9.) He states that because his "claims are against a non – g[o]vernment entity and a consumer corporation (JPay LLC)[], under PLRA [he] is allowed to proceed with a waiver of fees for filing under 28 USC[] 1915." (*Id.*)

Salami provides no legal authority for his assertion that he is entitled to a fee waiver based on the nature of his claims and the identity of the Defendant in his case. This assertion is not supported by the language of the statute and relevant case law. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

4

>  the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, § 1915(g) prevents prisoners with three strikes from "bring[ing] a civil action" without prepaying the fees and costs of the litigation. 28 U.S.C. § 1915(a), (g). Section 1915(g)'s language makes no distinction between different types of claims, such as prison-related constitutional claims versus non-constitutional claims. Nor does it discuss the defendant being sued.

Sixth Circuit precedent confirms that § 1915(g) applies to civil actions—regardless of the types of claims asserted and defendants named in the case. The Sixth Circuit has stated that "Section 1915(g) speaks of appeals and actions, but not claims." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 495 (6th Cir. 2012). According to the Sixth Circuit, "a plain reading of the statute would suggest that action refers to an entire action and not individual claims." *Id.* With respect to the defendants being sued, the Sixth Circuit has determined that § 1915(g)'s "language does not refer to the identity of the defendants in the prisoner's action, making clear that § 1915(g) does not distinguish between actions brought against government entities and those against private

5

individuals." *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 492 (6th Cir. 2011). Therefore, Salami does not show that the three strikes rule in § 1915(g) is inapplicable due to the nature of his claims or the identity of the Defendant.

Moreover, the Court notes that "[t]he language of § 1915(g) is not discretionary—the Court may not allow a prisoner to proceed *in forma paup*[e]*ris* after he has earned three strikes." *Damron v. Harris*, No. 4:20CV813, 2020 WL 6361877, at *2 (N.D. Ohio Oct. 28, 2020) (citing 28 U.S.C. § 1915(g)). "The statutory restriction '[i]n no event,' found in § 1915(g), is express and unequivocal." *Gresham v. Hemmer*, No. 1:23-cv-1110, 2023 WL 7013303, at *2 (W.D. Mich. Oct. 25, 2023). Because Salami has three strikes and the imminent danger exception does not apply, the Court has no discretion under § 1915(g) to grant his request for a waiver of the filing fee. As a result, his motion is denied. Salami cannot proceed *in forma pauperis*, and his complaint is dismissed without prejudice. Salami may refile the complaint, but only if he prepays the necessary fees and costs.[2]

---

[2] The Court recognizes that Salami may no longer have a copy of his handwritten complaint, which could impact his ability to refile it. Therefore, the Court has attached a copy of the complaint to this order.

6

Accordingly, Salami's motion for a waiver of the filing fee (ECF No. 2) is **DENIED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** under § 1915(g).

For the same reasons as those set forth above, § 1915(g) bars Salami from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). As such, the Court certifies that any appeal taken by Salami would not be in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: December 21, 2023       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2023.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager